IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SUSAN MORRISON,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE,

    Defendant.

No. C 13-00654 JSW

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

    Now before the Court is the motion to dismiss Plaintiff's complaint filed by Defendant United States Department of Justice ("Defendant"). The Court finds the motion suitable for resolution without oral argument and vacates the hearing date of May 17, 2013. *See* N.D. Civ. L.R. 7-1(b). Having considered the parties' arguments, relevant legal authority, the Court hereby GRANTS Defendant's motion to dismiss.

**BACKGROUND**

    In a prior civil proceeding also before this Court, Plaintiff appearing *pro se* filed a 30-page, largely incomprehensible complaint against Defendant the United States Department of Justice. In that case, Plaintiff alleged that she was the victim of an "ongoing, escalating criminal conspiracy" in which law enforcement personnel had refused to investigate crimes committed against her and had refused to prosecute the "well-known perpetrators" and "terrorists" who had been "hunting down [her] and every member of [her] family for

1 generations, since [her] Grandma said no to Judaism, her family, and the up-coming state of
2 Israel." *Morrison v. United*
3 *States Department of Justice*, No. C 12-04093 JSW (N.D. Cal. Aug. 3, 2012).

In the prior action, when Plaintiff sought permission to proceed *in forma pauperis*, the Court dismissed Plaintiff's complaint on the ground that, as drafted, the complaint failed to state a claim upon which the Court could grant relief. The complaint was dismissed with leave to amend. Plaintiff then filed an amended complaint which the Court interpreted to request relief from Defendant "premised upon its failure to investigate her allegations of civil rights violations," which the Court again held could not form the basis of a valid claim for damages against Defendant. The Court the denied Plaintiff's request to proceed *in forma pauperis* and dismissed the amended complaint with prejudice.

Thereafter, Plaintiff filed this separate civil action and paid the required filing fee on February 13, 2013. This new complaint alleges many of the same facts and appears to assert the same claims as those rejected and dismissed by the Court in the earlier, related matter. Plaintiff again alleges that the "perpetrators are Zealots, mostly Jews, and have been hunting me and every member of my family for generations, since at the early 20th century when my Grandma said no to her family, Judaism, and the up-coming state of Israel." (Complaint at 3.) Plaintiff describes a series of incidents in which, she alleges, she was assaulted, raped, photographed in her home and in public, put on "State T.V.", surveilled, stalked, religiously persecuted, and otherwise multiply threatened by numerous parties, mostly San Francisco law enforcement officers. Plaintiff alleges that Defendant acted in concert with the local officers by their inaction in investigating and prosecuting the alleged crimes committed against her.

The Court shall address additional facts in the remainder of this order.

## ANALYSIS

### A.  Applicable Legal Standard on Motion to Dismiss.

A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true.

2

1  *Sanders v. Kennedy,* 794 F.2d 478, 481 (9th Cir. 1986).  However, even under the liberal
2  pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide
3  the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a
4  formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v.*
5  *Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

   Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but
7  must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at
8  570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the
9  court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
10 *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  "The
11 plausibility standard is not akin to a probability requirement, but it asks for more than a sheer
12 possibility that a defendant has acted unlawfully. ... When a complaint pleads facts that are
13 merely consistent with a defendant's liability, it stops short of the line between possibility and
14 plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 556-57) (internal
15 quotation marks omitted).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss
16 does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his
17 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of
18 the elements of a cause of action will not do." *Twombly*, 550 U.S. at 544.  If the allegations are
19 insufficient to state a claim, a court should grant leave to amend, unless amendment would be
20 futile.  *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss*
21 *& Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

22 **B.   Court Lacks Subject Matter Jurisdiction.**

23   To the extent it is comprehensible, Plaintiff's claim against the Department of Justice
24 appears be premised upon its failure to investigate her allegation of civil rights violations
25 perpetrated by other defendants.  Plaintiff continues to allege that Defendant unlawfully failed
26 to investigate or prosecute crimes she alleges were perpetrated against her.  However, the
27 decision whether to investigate any particular complaint is "discretionary rather than
28 mandatory."  *See Terrell v. Attorney General State of California*, 1998 WL 574387, at \*3 (N.D.

3

Cal. Aug. 31, 1998), *aff'd* 188 F.3d 515 (9th Cir. 1999) (dismissing claims based on failure by FBI to investigate allegations of civil rights violations, and noting that "[t]he court can find no binding authority requiring the FBI to investigate every complaint it receives. To the contrary, courts have consistently described the FBI's mandate as a 'discretionary rather than mandatory authority.'") (quoting *Agunbiade v. United States*, 893 F. Supp. 160, 163 (E.D.N.Y. 1995)). Accordingly, the decision by Defendant in this matter not to investigate Plaintiff's multiple reports of criminal does not amount to a constitutional wrong. *See Inmates of Attica Correctional Facility v. Rockefeller*, 477 F.2d 375, 381 (2d Cir. 1987) (dismissing complaint based upon alleged violation of Section 1987 for failure to prosecute crimes reported by private citizens). Because the Defendant owes no constitutional or statutory duty to Plaintiff to investigate or prosecute the alleged crimes she purports to have reported, the complaint must be dismissed for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

In addition, to the extent Plaintiff's complaint is not premised upon Defendant's discretionary determinations whether to investigate or prosecute cases, Plaintiff has failed to identify an applicable federal law that she claims was violated which contains an affirmative waiver of sovereign immunity. Her opposition brief makes reference to 5 U.S.C. § 702 and 28 U.S.C. § 1361, although neither statute authorizes suits for money damages. The mandamus provision only provides jurisdiction to the federal courts to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. As the Court has stated, however, there is no affirmative duty to enforce specific federal criminal laws, but rather only discretionary decision-making which is not actionable. *See Ross v. United States Attorney's Office for the Central District of California*, 511 F.2d 524, 524 (9th Cir. 1975) (citing *Inmates of Attica*, 477 F.2d at 375). Accordingly, the Court finds no authority to afford Plaintiff, a private civil plaintiff, a forum in this Court to bring a lawsuit to compel enforcement or prosecution of the incidents she reports.

4

**CONCLUSION**

Based on the foregoing reasons, Defendant's motion to dismiss is GRANTED. Because the complaint in this matter is essentially the third iteration of the same claims which have been dismissed twice before, the Court dismisses the complaint without leave to amend. Furthermore, the Court finds Plaintiff's submission, an emergency request to consider judicial interference in motion and opposition, to be ill-advised and it is DENIED.

**IT IS SO ORDERED.**

Dated: May 10, 2013



JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN MORRISON,<br><br>        Plaintiff,<br><br>  v.<br><br>US DEPARTMENT OF JUSTICE et al,<br><br>        Defendant.                      / | Case Number: CV13-00654 JSW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 10, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Susan Morrison
665 Eddy Street, Apt. 45
San Francisco, CA 94109

Dated: May 10, 2013

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk